Selby v. Sanford.

---

Frank B. Selby and Lillian F. Selby v. Susan H. Sanford *et al*.

No. 210.

Estoppel—*Purchase Subject to Mortgage*—*Personal Liability of Mortgagor*. Where a person purchases land subject to a mortgage, and the amount of the mortgage is retained by him as part of the purchase price, he is estopped from questioning the validity of the mortgage, if the mortgagor is personally liable upon the note to secure which the mortgage was given.

Error from Kearny district court; A. J. Abbott, judge. Opinion filed August 19, 1898. Affirmed.

*B. F. Stocks,* and *H. F. Mason,* for plaintiffs in error.

*S. J. Ramsey,* and *A. J. Hoskinson,* for defendants in error.

The opinion of the court was delivered by

Dennison, P. J. : This action was brought in the district court of Kearny county, by the defendant in error Susan H. Sanford, against the plaintiffs in error and the other defendants in error, to foreclose a mortgage on certain lands in that county.

The plaintiff below in her petition set out a note and mortgage executed by Richard K. Kelley, alleged its non-payment, and that she had paid certain taxes upon the land. She also alleged that the other defendants below had, or claimed to have, some interest in the lands, but that they were inferior to the lien of the plaintiff below. The defendants Selby and Selby answered, denying the validity of the mortgage, and alleging that they were the owners of the land freed from the lien of the mortgage by reason of a deed to them from said Kelley which was set out in the answer.

The plaintiff below replied to said answer, alleging that the consideration for the deed from Kelley to Selby was, as recited therein, $2000, which was made up of the mortgage debt of $1000 and the remainder in money ; and that it was agreed between them that, as part of the consideration for the deed, Selby should hold the land subject to the mortgage, and should save Kelley harmless from personal liability upon the note to secure which the mortgage was given.

Selby v. Sanford.

The defendant below Richard K. Kelley filed his answer and cross-petition, in which he alleged :

"That this defendant sold the described property in plaintiff's petition to Frank B. Selby for the consideration named in the deed executed to said Frank B. Selby, to wit, $2000; that such consideration was made up of the mortgage indebtedness evidenced by the mortgage described in plaintiff's petition and an additional sum of money received by this defendant; that at the time of the execution of such deed it was agreed between this defendant and defendant Frank B. Selby that said Frank B. Selby should take and hold such land subject to the payment of such mortgage indebtedness.   Wherefore, this defendant asks that such land be held subject to the payment of such mortgage debt, and that no personal judgment be rendered against this defendant, except in connection with an order that such premises be sold and the proceeds applied to the payment of such judgment."

No reply was filed to this answer and cross-petition either by the plaintiff below or by the Selbys.

Upon the trial, the Selbys introduced a certified copy of the records of the United States land-office showing that Richard K. Kelley homesteaded the land February 9, 1885, and commuted to a cash entry on January 19, 1887, and rested their case.   The plaintiff then introduced evidence which tended to prove all the allegations of her reply and the allegations of the answer and cross-petition of Kelley.   The court made special findings of fact and conclusions of law as follows :

"1.   The court finds as a matter of fact that about the year 1882 the defendant Richard K. Kelley placed a homestead filing upon the northeast one-fourth of the southwest one-fourth and the southeast one-fourth of the northwest one-fourth and lots 2 and 3 in section 12, township 24, range 35, in Kearny county, Kansas, containing 140.90 acres.

"2. That he commuted said homestead entry to cash payment on January 19, 1887; and that afterwards he received therefor a patent from the United States government.

"3. That on the 1st day of October, 1886, the said Richard K. Kelley executed to E. Heliker, trustee, his mortgage deed upon said property for the sum of $1000.

"4. That on the 6th day of January, 1887, the said Richard K. Kelley acknowledged the execution of said deed at Finney county, Kansas, before A. J. Adkinson, a notary public in and for that county.

"5. That afterwards the said Richard K. Kelley sold the said land to Frank B. Selby, and gave a warranty deed therefor about the month of October, 1888.

"6. That the consideration for said sale was $2000, and that it was paid by said Frank B. Selby canceling $700 worth of notes held by himself against Richard K. Kelley, and paying him, the said Kelley, $300 in cash, and assuming and agreeing to pay when due the $1000 mortgage on the land in question, together with all interest on said mortgage then due.

"7. That at the time of the sale of the said land by Richard K. Kelley to Frank B. Selby the land was worth fifteen dollars per acre.

"8. That Frank B. Selby has not paid the $1000 mortgage, nor the interest thereon, according to his agreement with said Richard K. Kelley, and that there is now due upon said mortgage as principal, $1000, and as interest, $656.

"9. That plaintiff's mortgage upon said real estate is a first mortgage and a first lien upon said real estate.

"10. That on December 13, 1892, the plaintiff, by her agent, A. Sanford, paid to the county treasurer the sum of $20.67 taxes on said property, because of the default of the said Frank B. Selby in payment thereof at the time when the same was due and payable."

#### CONCLUSIONS OF LAW.

"1. The court concludes that Frank B. Selby is, by his agreement with Richard K. Kelley to pay the $1000 mortgage and the interest thereon, estopped

from questioning the validity of the mortgage, and that this agreement inures to the benefit of the mortgagee.

"2. That there is due to the plaintiff the sum of $1000 as principal, and $656 as interest, upon said mortgage.

"3. That there is due to the said plaintiff the sum of $20.67 as principal, and $6.20 as interest thereon, making a total of $26.87, because of money paid upon the taxes against said property on the 13th day of December, 1892.

"4. Plaintiff is entitled to have the property sold to satisfy her claim."

A personal judgment was rendered against Kelley, and the amount of the judgment and the taxes was held to be a lien upon the land. The Selbys bring the case here for review.

The plaintiff in error contends that the court erred in permitting the plaintiff below to introduce evidence tending to show the agreement between Selby and Kelley to the effect that Selby should hold the land subject to the mortgage and also tending to show the consideration for such agreement. It is argued that as these matters were not set up in the petition no evidence could be introduced to prove them. Counsel evidently forget that the allegations of the petition are admitted by the pleadings and no evidence was introduced to sustain them. The first evidence introduced was by the Selbys to sustain the allegations of their answer. The plaintiffs below then, very properly, introduced evidence to prove the allegations of their reply. While the evidence introduced tended to prove the allegations of Kelley's answer and cross-petition no evidence was needed for that purpose, as the allegations were not denied by the pleadings.

There is no force in the contention of plaintiff in

50—7 KAN. APP.

error that this evidence seeks by an oral contract to establish a charge upon land. The evidence complained of tended to show the amount of the consideration of the purchase of Selby from Kelley and the items of which the consideration consisted. This is competent.

The other errors complained of may all be considered with the conclusions of law. The first conclusion of law, so far as it might sustain a personal judgment against Selby, is erroneous, but as no personal judgment was rendered against them they were not prejudiced thereby.

The other conclusions of law are correct. Selby purchased the land from Kelley and agreed to pay him $2000 therefor. The mortgage upon the land represented $1000 of the purchase price, and Kelley had given his personal note therefor. Selby had taken the land subject to the $1000 mortgage, and agreed to save Kelley harmless from a personal liability. Can it now be said that Selby can hold the land freed from the lien of the mortgage and leave Kelley with a personal judgment against him for the amount thereof?

Certainly Kelley and Selby had a right to make the agreement which they made by which Selby was to take the land subject to the lien of the mortgage, and thereby protect Kelley from a personal liability upon the note. As Selby took his deed subject to the mortgage, he is estopped by his agreement from questioning the validity of the mortgage. Were it otherwise, Selby would obtain the land for a much less sum than he agreed to pay for it, and Kelley, after having turned over the land, would be compelled to pay again the amount of the mortgage.

As we view this question it is immaterial whether the mortgage was valid as between Kelley and the

holder, as it would be inequitable and contrary to the understanding of the Selbys when they accepted the deed to permit them to attack its validity. These views are fully sustained in *Green v. Houston*, 22 Kan. 35.

The judgment of the district court is affirmed.