CHARLES A. FOY, Appellant, v. MARTHA ARMSTRONG *et al.*

| 113 | 629 |
| 138 | 614 |

**Sale of Land Subject to Mortgage:** VENDOR BEING MORTGAGOR AND OWNER: *Land liable though mortgage was fraudulent.* The owner of land mortgaged it. The mortgage was made without consideration, was always the property of the maker and made to induce the payment of a higher price by a vendee who exchanged for the land, on the theory that a higher price could be obtained for it encumbered than if clear. The buyer bought subject to said mortgage, and it was treated as part of the purchase price. *Held,* This constituted the land a primary fund for the payment of the mortgage debt, the buyer could, therefore, not resist foreclosure by the seller, of the mortgage made by the seller; and it was immaterial who owned the mortgage when the land was sold and with what purpose the mortgage was executed.

PAYMENT OF MORTGAGE TO PAYEE: *Notice of true ownership.* Real estate was sold subject to an existing mortgage for $800, which had been given without consideration to J., who returned it after the sale of the property to the vendor. The vendee paid the interest on the mortgage debt to the vendor, and knew that the latter claimed to own the mortgage. Thereafter J. made a demand on the vendee, though the debt had not matured, and accepted $200 in full settlement of the mortgage, though it was secured by land worth more than the face thereof, and J. did not have possession of the mortgage or notes at the time. *Held,* that the vendee paid such sum with knowledge of the claim of vendor, and such payment did not extinguish the mortgage.

SUBSEQENT MORTGAGE: *Notice that releaese of prior mortgage is unauthorized.* Where the attorney of a subsequent mortgagee knows that at the time he negotiates the mortgage that a prior mortgage released by the mortgage was not in possession of the mortgagee at the time of such release, and could not be obtained by him, the subsequent mortgage is taken subject to the rights under the first mortgage.

**Trial De novo:** ASSIGNMENTS OF ERROR NOT CONSIDERED. Where a cause is triable *de novo* on appeal, and is presented on such theory by appellant, errors assigned, which relate to the introduction of evidence, will not be considered.

*Appeal from Linn District Court.*—Hon. H. M. Remley, Judge.

Saturday, April 13, 1901.

In this action plaintiff seeks to subject certain land now belonging to defendants, the Armstrongs, who are husband and wife, to the payment of a mortgage executed by him to one Jackson prior to the conveyance of the same premises by him to the Armstrongs subject to said mortgage. This conveyance was in pursuance of an arrangement for the exchange of lands. It is alleged that defendant Jackson never had any interest in said mortgage indebtedness, and that said mortgage is in fact the property of the plaintiff; further, that the pretended settlement of the mortgage indebtedness between the Armstrongs and Jackson, and release of the mortgage by the latter, was invalid, because made with knowledge on the part of the Armstrongs of plaintiff's ownership and right to said mortgage indebtedness. Plaintiff also alleges that a mortgage from the Armstrongs to defendant Joanna Shane was taken by her with notice of plaintiff's rights, and is subordinate thereto. The Armstrongs allege by way of defense that the mortgage assumed by them was fraudulent, and of no validity, and that plaintiff fraudulently misrepresented the value of the land covered by the conveyance to them, and by way of counterclaim ask judgment against plaintiff in damages for said fraudulent misrepresentations. Plaintiff controverts the allegations of the counterclaim. In the decree the lower court dismissed plaintiff's petition, and rendered judgment against him for costs. Plaintiff appeals.— *Reversed.*

*Preston & Moffitt, Rickel & Crocker,* and *John A. Reed* for appellant.

*J. H. Crosby, Jamison & Smyth,* and *B. E. Rhinehart* for appellees.

McCLAIN, J.—Plaintiff's counsel assign errors, but, as the abstract is such as to entitle appellant to a trial *de novo,* and as his counsel argue his appeal on the theory that he is entitled to such trial, we need not consider the errors assigned, which relate to rulings on the introduction of evidence. Counsel for appellees have confined themselves in argument to questions of practice, the decision of which has become immaterial in view of the ruling made by this court at the submission term striking appellees' denial from the files. As we have not the advantage of an argument for appellees on the merits, we shall briefly dispose of the issues in the case.

As to the allegations by the Armstrongs of fraudulent misrepresentations by plaintiff in regard to the value of the land, we find that they are not sustained by the evidence. Giving the testimony of defendants' witnesses every credit, it does not show actionable fraud or any effort to rescind. The real controversy in the lower court seems to have been as to whether the plaintiff, after executing a mortgage to Jackson without consideration, and then conveying the land to the Armstrongs subject to this mortgage, can now himself assert a claim against the land under this mortgage, and enforce the lien thereof against the land. It is well settled, however, that when a grantee takes conveyance subject to mortgage, which is treated as a part of the purchase money, the premises become bound for the payment of the mortgage, and its validity cannot be questioned by such grantee. As said in *Fuller v. Hunt,* 48 Iowa, 163 167, "Where land is purchased of a mortgagor subject to a mortgage supposed to be valid, whether it is so or not, the mortgaged land becomes the primary fund for the

discharge of the mortgage debt. The theory is that the amount of the mortgage is deducted from the purchase-money and it would be inequitable to allow the purchaser to take advantage of the invalidity of the mortgage, and cast the debt upon the vendor, who has virtually furnished the consideration for its discharge. Nor is it necessary, in order that the land may stand primarily charged with the payment of the mortgage debt, that the purchaser from the mortgagor should have assumed its payment. It is sufficient if the land was purchased subject to the mortgage, without any personal liability being assumed by the purchaser." In *Northwestern Nat. Bank v. Stone*, 97 Iowa, 183, 185, this language is used: "It sometimes happens that land is bought subject to an incumbrance thereon, when the incumbrance is not regarded as a part of the consideration or purchase price; but when that occurs it is because of facts that plainly show the reasons for so doing—as, where there are other interests to be protected, in whole or in part, by such a course. But if A buys land of B, with no other motive than to own the land for the uses to which it is adapted, or for sale, and B has given his note to C, secured by mortgage thereon, and A takes the land subject to the mortgage, the legitimate inference is that the mortgage debt was intended as a part of. what he should pay for the land, because from the facts no other reason could be assumed for his taking the land thus burdened." And in the latter case the court quotes the following from Jones, Mortgages, section 751: "Whenever the mortgage debt forms a part of the consideration of the purchase, although the purchaser has not entered into any covenants or agreements to pay it, he is bound to the extent of the property to indemnify the grantor." These are, we think, correct propositions of law, and they are applicable to this case, for it appears without conflict, not only that the conveyance recites that it is subject to the mortgage to Jackson, but also that the parties negotiated directly on this basis. There was no suggestion that the mortgage to Jack-

son might not be valid. The Armstrongs objected to assuming any mortgage whatever in the trade, but finally consented to take subject to this mortgage of $800 on the payment to them by plaintiff of $200 in cash, which amount was paid. It is clear, therefore, that the $800 mortgage was treated as a part of the purchase price.

There is some controversy as to when the mortgage in question was executed, but it is clear that it was executed prior to the conveyance. Whether it had been executed in good faith before commencement of negotiations of sale between plaintiff and the Armstrongs, and with the intention of raising money thereon, or whether it was a mere pretense, resorted to in the belief that the Armstrongs could be induced to give more for the land by trading it to them incumbered than clear, is wholly immaterial. A condition of the contract in pursuance of which the land was conveyed was that the Armstrongs should take it subject to an $800 mortgage, and, so far as they were concerned, it mattered not what the object of plaintiff in executing the mortgage and inserting this condition might have been. They were not misled to their prejudice by any false representations in regard to the mortgage for if it is sustained, they are required to pay for the land only what it was agreed they should pay. The whole transaction amounts to no more, so far as the Armstrongs are concerned, than a mortgage back for $800 of the purchase price; and this construction is no less advantageous to them than though the transaction had really been what it appeared to be. From the evidence it clearly appears that Jackson never had any real interest in this mortgage, and, indeed, it is not shown that it was ever delivered to him. It was executed while he and plaintiff were intimately associated in business transactions relating to various property, was entirely without consideration, and was left in plaintiff's possession when plaintiff and Jackson afterwards severed their business relations. Interest was collected by plaintiff, and Jackson never asserted any right to the mortgage as his own.

until shortly before the commencement of this suit, when he made a demand upon the Armstrongs for settlement, and accepted $200 in full satisfaction of this $800 mortgage on a tract of land worth, according to all the evidene, consider-- ably more than that amount. The only real question is whether this settlement was made in good faith, and without knowledge of plaintiff's rights. But it appears that the Armstrongs had paid the interest on the mortgage indebted-' ness to plaintiff, and had been advised in other ways that he claimed to be the real owner thereof. When this pay- ment to Jackson was made, he had not, and did not pretend to have, the possession of the mortgage, or any note secured thereby, and the indebtedness described in the mortgage had not matured, except as the holder might elect to treat it as due on account of default in the payment of interest.

6      Defendant Joanna Shane claims to have taken a mortgage from the Armstrongs for $300 on the premises after the release of the Jackson mort-' gage by him, but her attorney who represented her in advancing the money and taking the mortgage knew that Jackson had not possession of, and could not obtain from plaintiff, the mortgage, or any in- strument purporting to be secured thereby, and we there- fore think that defendant Shane was not a purchaser in good faith, and without notice, under the recording laws. The decree of the lower court must be reversed, and the case is remanded for a decree in harmony with the views herein ex- pressed.—REVERSED.