[Sac. No. 4361. In Bank.—August 30, 1930.]

E. I. AMES et al., Appellants, v. OCCIDENTAL LIFE INSURANCE COMPANY (a Corporation) et al., Respondents.

E. Neal Ames and Farnsworth, Burke & Maddox for Appellants.

Hurt & Howard and William A. Farner for Respondents.

H. A. Postlethwaite and Samuel W. Gardiner, *Amici Curiae.*

PRESTON, J.—Plaintiffs and appellants on July 1, 1924, exchanged real property with one Greenhaw and wife. Plaintiffs' property was clear; the Greenhaw property was encumbered. Plaintiffs, however, agreed that the Greenhaws might place a first deed of trust upon the property they were buying from plaintiffs for $15,000, which was done. Plaintiffs took a second deed of trust on the property for $4,750, the balance due them on the exchange. The Greenhaws, so it was alleged, were to do certain things with the money so secured on the first deed of trust, respondent Title Company being the trustee thereunder, respondent Insurance Company being the lender. The Greenhaws made one or two payments on account of interest, then defaulted, and later went through bankruptcy. Plaintiffs paid interest on said prior indebtedness as follows: July 24, 1925, $563.94; January 11, 1926, $562.50; July 7, 1926, $525; January 5, 1927, $525; October 20, 1927, $525; March 12, 1928, $525; March 15, 1928, $9.40; July 10, 1928, $525. However, on July 7, 1926, they secured a reduction of interest to seven per cent on the said prior lien. On July 11, 1927, an extension of time for three years was secured by plaintiffs from the respondent Insurance Company. It seems also that at some date prior to January, 1926, plaintiffs caused a foreclosure sale under the second deed of trust to which they were beneficiaries and they became the purchasers at the said sale, and ever since have been and now are the owners of the equity in the property, subject to the prior lien. A deficiency claim of some $2,600 is also asserted by plaintiffs. In the face of these facts, the plaintiffs on January 28, 1929, brought the present action for legal and equitable relief, having for its object the purging of the transaction between the lender and the Greenhaws of its alleged usurious taint; also the recovery of all interest paid by them (plaintiffs) and praying that the amount be trebled. Prayer is also made for an accounting and for all equitable relief permitted in such cases according to plaintiffs' interpretation of the so-called Usury Act (Stats.

1919, p. lxxxiii). Respondents demurred generally and specially to the complaint. General demurrer was sustained by the court below without leave to amend. Judgment passed for defendants, from which plaintiffs have prosecuted this appeal.

The claim of usury in the transaction resulting in the first deed of trust is based upon the following allegations: The note was for $15,000, with interest at seven and one-half per cent per annum, which shows nothing objectionable upon its face, but it is averred in getting this loan respondent Insurance Company, to hide a usurious demand or bonus of some $4,500, in addition to the interest named in the note, required the borrowers to purchase an outside lot owned by it for $5,000, when in truth and in fact the said lot was worth but $500. The lot appears as parcel No. 2 in the above-mentioned deeds of trust. It is further alleged that the Greenhaws knew that they were being charged a usurious rate of interest for this transaction, but plaintiffs, although they knew of the purchase of the lot, did not know, at the time of their taking of the deed of trust, the price at which it was held in the transaction.

█ It is a settled holding of this court that the purchaser of an equity of redemption in real property encumbered with a prior lien may not raise the question of the usurious character of said prior transaction (*Matthews* v. *Ormerd*, 140 Cal. 578 [74 Pac. 136] ; *Esposti* v. *Rivers Bros., Inc.*, 207 Cal. 570 [279 Pac. 423]). The reason underlying this rule is " 'that the purchaser by taking title subject to the mortgage and retaining out of the price he agreed to pay sufficient money to pay the mortgage, places himself in a position where he cannot allege usury without attempting to keep back part of the money which he agreed to pay for the mortgaged land.' " Again it is said " 'the grantee would be permitted to speculate on a violation of the law which has done him no harm, and to keep back money to which he has had no right whatever.' " (*Matthews* v. *Ormerd, supra,* at p. 583.)

Under this rule it is evident that all payments set out above as having occurred on and subsequent to January 11, 1926, cannot be made the subject of an action by plaintiffs because of their said purchase of the equity of redemption. This leaves but one payment, that of $563.94, made

on July 24, 1925, which may have preceded the purchase. Although much reason exists for the holding that the junior lienholder is in no better position than a purchaser, nevertheless we no not deem it necessary to specifically declare a rule on this subject at this time, for many other reasons exist which are effective to deny plaintiffs any relief in this action as to this last-mentioned item. ■ In the first place, a suit for the penalty provided by the Usury Act must be begun within one year after the payment of the usurious interest. This forecloses plaintiffs from any right to the recovery of a penalty. ■ It then at most leaves them with but the naked right of a set-off of the item against the principal debt. An examination of the complaint discloses no offer on the part of the plaintiffs to pay the amount or any portion thereof actually due on the prior indebtedness. ■ Another equally effective reason is that if the provision in the obligation to pay interest is void, the item referred to will be allocated to principal and there would be in such case nothing upon which to predicate a claim so long as any part of the principal indebtedness in excess of this amount remains undischarged. (*Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609, 621 [53 A. L. R. 725, 254 Pac. 956, 255 Pac. 805].) Other reasons might be asserted also leading to the same conclusion, but we deem it unnecessary to prolong the discussion.

The judgment is affirmed.

Richards, J., Seawell, J., Waste, C. J., and Curtis, J., concurred.