[Civ. No. 8044.   First Appellate District, Division Two.—November 3, 1931.]

JOSEPH WELDER et al., Plaintiffs and Appellants, v. HYMAN DIRECTOR et al., Respondents; MICHAEL KIROUFF et al., Cross-defendants and Appellants.

Harrah, Louis & Quillian and H. B. Pool for Appellants.

William P. Redmond for Respondents.

NOURSE, P. J.—This is an appeal from an order denying plaintiff's motion to set aside a decree and to enter a new and different decree upon the findings.

Plaintiffs sued to recover the sum of $4,199.76 as treble the amount of interest which they had paid upon a promissory note which they allege was in the principal sum of $20,000 and called for $5,399.92 in interest. The truth of the case is that the promissory note was in the principal sum of $16,000 and called for interest at seven per cent, which was all that plaintiffs paid. As a part of the same transaction the parties entered into an agreement whereby the plaintiffs agreed to and did deed certain real property to defendants subject to two prior mortgages amounting to $14,000. The obligations of these mortgages were assumed by the defendants and they paid the interest thereon, together with all taxes and assessments against the property. By this agreement the defendants undertook to reconvey to the plaintiffs within the year upon payment to them of $20,000, plus interest. At the same time the defendants executed to plaintiffs a lease of the property and the latter remained in possession.

The plaintiffs, through an amended complaint, pleaded that the deed of conveyance was an equitable mortgage and prayed that it be so decreed; the defendants then filed a cross-complaint seeking the foreclosure of this mortgage if it be found to be such. The cause was thus cast in equity and upon these pleadings the trial court heard the evidence and found that the deed was a mortgage which defendants were entitled to have foreclosed; that the monthly rentals paid by plaintiffs under the lease were in fact payments of interest due under the loan and reimbursements to defendants for interest paid by them on the two prior mortgages; that the interest actually paid by the plaintiffs was far below that inhibited by the Usury Act; that plaintiffs were indebted to defendants by reason of interest, taxes and assessments, and that the defendants were entitled to a decree of foreclosure.

The decree which followed these findings is the decree which the appellants have asked to have set aside. There is

no appeal from the decree and none of the evidence has been brought up. We are therefore limited on this appeal to a consideration of the single question: Do the findings support the decree which was entered? It will be noted that there is no finding on the purpose or the effect of the $4,000 item which was included in the agreement to reconvey. This may have been the agreed charge for respondents' services in the management of the property, for the assumption of the two prior mortgages, or for any other legitimate purpose. We cannot here presume that it was for an illegal purpose. The trial court apparently deemed this agreement to reconvey to be void and of no effect after finding that the deed from appellants was in fact solely a mortgage to secure the payment of the principal sum of $16,000. The court found that it was not true that appellants borrowed $20,000 from respondents, "directly, or in any other manner", and that it was not true that respondents retained the sum of $4,000 as additional interest. That was the issue which appellants presented. The finding of fact was adverse to them. In addition to this the trial court made the general finding that the loan was not in violation of the Usury Law. Upon what evidence this finding was based we do not know. Upon this record we cannot say that the finding is unsupported. With the finding that the loan was not usurious the judgment of foreclosure was the proper, and only, decree which should have been entered.

It is conceded that the sum of $4,000 was not paid— that no interest in excess of that permitted by the Usury Law was paid. The decisions are unanimous that recovery of damages under the Usury Law can be had only where interest at the prohibited rate shall have been paid. (*Haines* v. *Commercial Mtg. Co.,* 200 Cal. 609 [53 A. L. R. 725, 254 Pac. 956, 255 Pac. 805]; *Moore* v. *Russell,* 114 Cal. App. 634 [300 Pac. 479].) If appellants were entitled to any other relief, such as the application of the interest paid upon the principal of the loan (*Haines* v. *Commercial Mtg. Co.,* *supra; Ames* v. *Occidental Life Ins. Co.,* 210 Cal. 271, 274 [291 Pac. 182]) they have not made a case on the record before us which would warrant a modification of the decree in that respect.

The order is affirmed.

Sturtevant, J., and Spence, J., concurred.