[Civ. No. 9989.   First Appellate District, Division Two.—January 7, 1936.]

MATTIE READ et al., Appellants, v. MORTGAGE GUARANTEE COMPANY et al., Respondents; TITLE INSURANCE AND TRUST COMPANY, as Trustee, etc., Intervener and Respondent.

Bryan & Bowen, John M. Bowen and Charles M. Easton for Appellants.

O'Melveny, Tuller & Myers, Pierce Works, Earl E. Johnson, Ralph H. Spotts, Lawrence L. Otis, Arch H. Vernon and Hanna & Morton for Respondents.

SPENCE, J.—Plaintiffs, as apartment owners in an "own-your-own" apartment building, filed their "Complaint for Damages for Fraud and Usury". They attempted to bring

the action for the benefit of all of the apartment owners. The complaint and attached exhibits are very voluminous, covering 170 pages of the clerk's transcript. In the first count, plaintiffs attempted to set forth a cause of action sounding in fraud. Plaintiffs alleged in said first count that defendants had misrepresented the cost of the project and that the entire transaction was a subterfuge to evade the usury laws. In the second count, plaintiffs incorporated by reference all the allegations of the first count and then charged usury. In the third count, the allegations of the first count were again incorporated by reference and plaintiffs then alleged that defendants had made secret profits out of the transaction and that said secret profits belonged to the plaintiffs and other apartment owners. Plaintiffs did not seek rescission nor did they seek damages. They sought to have the loan on the property declared usurious and to have the deed of trust securing said loan declared null and void except as to such amount as might be found to be justly due. They further sought an accounting of all transactions between defendants in the purchasing of the land and erecting the apartment building and for a judgment requiring defendants to pay over the alleged secret profits for the benefit of the apartment owners. In addition, plaintiffs sought to enjoin defendants from proceeding with any sale under said deed of trust.

While the above-entitled action was pending, a foreclosure sale was had under the deed of trust. Plaintiffs then filed a supplemental complaint seeking to have said sale declared null and void upon the grounds stated in the complaint. Thereafter the Title Insurance and Trust Company filed its complaint in intervention. It sought thereby, as purchaser at the foreclosure sale, to quiet title to the property and also sought, as assignee of the note and chattel mortgage upon the furnishings in said apartment building, to foreclose said chattel mortgage. The cause was tried by the court sitting without a jury upon the above-mentioned pleadings and the answers thereto. There were amendments filed to the complaint, but we shall refer to the original complaint and all of the amendments as the "complaint".

Certain evidence was introduced and certain stipulations were entered into at the time of the trial, but the trial court sustained the objections of defendants to the introduction of any evidence in support of the allegations of the complaint

upon the ground that the facts alleged were insufficient to constitute a cause of action. The trial court also sustained similar objections to the evidence offered in support of similar allegations made by plaintiffs and others in their answers to the complaint in intervention. The trial court therefore entered judgment denying any relief to plaintiffs and granting relief to the intervener in accordance with the prayer of the complaint in intervention. From this judgment, plaintiffs and other persons named as defendants in the complaint in intervention have appealed.

The main question raised on this appeal is whether plaintiff's complaint was sufficient to constitute a cause of action. Other questions are discussed in the briefs, but if plaintiffs' complaint was insufficient, the answers to the complaint in intervention were likewise insufficient and, in that event, the rulings of the trial court were correct and the judgment should be affirmed.

It is appropriate to set forth briefly the general plan under which this apartment house was erected and sold as disclosed by the complaint. The project was conceived and carried out largely through the efforts of defendant Mayell. The land upon which the apartment building was constructed was previously owned by L. Y. Cooper and Effie B. Cooper. The defendants Kinne and Westerhouse were the contractors who constructed the building. The Coopers conveyed the land to defendant Mayell and in 1927 said defendant arranged with defendants Kinne and Westerhouse for the construction of the apartment building and also arranged with defendant Mortgage Guarantee Company for a construction loan. This loan was evidenced by defendant Mayell's note in the sum of $1,100,000 and a deed of trust was given by defendant Mayell to secure the same. Defendant Mayell then conveyed his remaining interest in the property to defendant Western Trust and Savings Bank and said bank executed a declaration of trust for the benefit of such persons as might thereafter purchase or otherwise acquire apartment owner's certificates of beneficial interest in said trust. The bank then made application to the commissioner of corporations for a permit to issue all of the "Certificates of Beneficial Ownership" to the Coopers, the defendant Mayell and the defendants Kinne and Westerhouse. The permit was granted and all of the certificates were issued in varying amounts in accordance with

the permit to said five persons last named. The total face value of all said certificates was $2,750,000. Each of said certificates represented the "ownership" of a specified apartment. These certificates were sold to plaintiffs and others in 1928 and each of the purchasers agreed to pay his proportionate share of the $1,100,000 loan on the premises to which his apartment was subjected by the terms of the declaration of trust. Such proportionate share was deducted from the purchase price of each apartment.

The action was commenced by plaintiffs in 1932. The complaint was subsequently amended to allege that the action was also brought on behalf of defendant Western Trust and Savings Bank, as trustee, and that said bank was joined as a party defendant because it refused to bring the action. Plaintiff also amended so as to eliminate all charges of fraud, usury and obtaining secret profits as against said defendant bank.

A reading of the complaint shows that plaintiffs' claim to relief was based essentially upon the charge that while the $1,100,000 note provided for interest at the rate of 7 per cent, the loan was usurious in its inception as the full amount of the loan did not go into the property and upon the further charge that the defendants falsely represented the cost of the property and the actual amount advanced on the loan. The charge of usury was based upon the allegations that certain deductions for commissions were made by defendants from the amount advanced upon the loan and also that a portion of the proceeds of the loan was used to acquire certain other real property of the value of $200,000 for defendant Mayell.

Before giving consideration to the sufficiency of the complaint, it may be stated that the parties stipulated on the trial regarding the disposition of the proceeds of the $1,100,000 loan. This stipulation was entered into by defendants without waiving their objection to its admissibility upon the ground that the complaint and answers to the complaint in intervention were insufficient. Upon the figures found in the stipulation of the parties, defendants contend that the loan was not usurious under the test established in *Lewis* v. *Pacific States Savings & Loan Co.*, 1 Cal. (2d) 691 [37 Pac. (2d) 439]. Defendants further contend that as the stipulation showed that the loan was not usurious, the judgment should be affirmed under section 4½, article VI, of the Constitution, even if the trial court erred in its rulings relating to the

sufficiency of the pleadings. No reply has been made to these contentions, but as we find no error in the trial court's rulings, we need not discuss further the question of whether the judgment might be affirmed even if such rulings were erroneous.

It is the contention of plaintiffs that each of the three counts of their complaint stated a cause of action and that the trial court therefore erred in excluding evidence in support of the allegations of the complaint. In our opinion, plaintiffs' contention may not be sustained. It is somewhat difficult to consider each of the three counts separately as the allegations of the first count were incorporated by reference into the second and third counts, and while the main charge of usury is found in the second count, reference is made to the alleged usurious nature of the transaction in the first count. We will therefore first consider the charge of usury in the complaint without reference to particular counts. In discussing said complaint, we will refer to ''defendants'' as those defendants named in the complaint other than defendant Western Trust and Savings Bank, as plaintiffs withdrew all charges against said defendant bank by the amendments above mentioned. Assuming, without deciding, that plaintiffs' complaint was sufficient to charge usury in the making of the $1,100,000 loan to defendant Mayell, the allegations of the complaint nevertheless showed that plaintiffs were in the position of purchasers of the property, each of which purchasers had assumed and agreed to pay his proportionate share of said loan, which proportionate share had been deducted from the purchase price paid by each purchaser. In other words, plaintiffs' position is in all respects similar to that of a person who purchases real property and, as part of the purchase price, assumes and agrees to pay an existing encumbrance thereon. Under such circumstances the purchaser is estopped to deny the validity of such encumbrance. (*Ames* v. *Occidental Life Ins. Co.*, 210 Cal. 271 [291 Pac. 182] ; *Esposti* v. *Rivers Bros., Inc.*, 207 Cal. 570 [279 Pac. 423] ; *Matthews* v. *Ormerd*, 140 Cal. 578 [74 Pac. 136] ; *Patten* v. *Pepper Hotel Co.*, 153 Cal. 460 [96 Pac. 296] ; *Alvord* v. *Spring Valley Gold Co.*, 106 Cal. 547 [40 Pac. 27] ; *State Finance Co.* v. *Moore*, 103 Wash. 298 [174 Pac. 22] ; *Selby* v. *Sanford*, 7 Kan. App. 781 [54 Pac. 17] ; *United States Bond & Mortgage Co.* v. *Keahey*, 53 Okl. 176 [155 Pac. 557, L. R. A. 1917C, 829] ; *Foy* v. *Armstrong*, 113 Iowa, 629

[85 N. W. 753] ; note, Ann. Cas. 1914A, p. 185.) As was said with respect to the claim of usury in *Ames* v. *Occidental Life Ins. Co.,* 210 Cal. 271, at page 273 [291 Pac. 182], "It is a settled holding of this court that the purchaser of an equity of redemption in real property encumbered with a prior lien may not raise the question of the usurious character of said prior transaction." We therefore conclude that plaintiffs were not entitled to raise the question of usury in support of their claims for relief.

We are also of the opinion that the allegations of fraud, as contained in the first count and incorporated by reference into the second and third counts, were likewise insufficient. While plaintiffs alleged that defendants had misrepresented the cost of the project, there was not a single allegation showing damage of any kind. The general rule is well established that a person is not entitled to any relief upon the ground of fraud unless damages are alleged and proved (12 Cal. Jur., p. 813), and we find nothing in the pleadings which would bring plaintiffs within any exception to the general rule. Furthermore, this action was brought more than three years after plaintiffs purchased their apartments and plaintiffs' attempt to plead facts tolling the statute of limitations was insufficient under the rules set forth in *Consolidated R. & P. Co.* v. *Scarborough,* 216 Cal. 698 [16 Pac. (2d) 268].

The third count of the complaint, incorporating the allegations of the first count by reference and then alleging that defendants had made secret profits, is also insufficient. It was upon the allegations of this count that plaintiffs sought an accounting of the alleged secret profits. Plaintiffs' theory seems to be that defendant "Mayell was a trustee of an express trust" and that defendants were therefore not entitled to make any secret profits at the expense of the purchasers. In our opinion, the complaint and attached exhibits show that the relationship created by plaintiffs' purchases of their apartments from defendant Mayell and others was the conventional vendor and vendee relationship. Defendant Mayell was the trustor in the loan transaction and was also the trustor when conveying his remaining interest to the Western Trust and Savings Bank. When said bank issued the "Certificates of Beneficial Ownership" to defendant Mayell and others, said persons became beneficiaries under the trust

agreement. When said persons sold said "Certificates of Beneficial Ownership" to plaintiffs, the parties dealt at arm's length. It appears that neither defendant Mayell nor any of defendants from whom plaintiffs purchased their apartments bore any fiduciary relationship whatever toward plaintiffs. Plaintiffs were therefore not entitled to an accounting nor to the benefits of the profits, secret or otherwise, which were realized by defendants.

It follows from what has been said that the trial court correctly excluded evidence in support of the allegations of the complaint and of the answers to the complaint in intervention as said pleadings were insufficient.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.