135 Cal.App.2d Supp. 853 (1955)
BEULAH BENSON, Respondent,
v.
GARRETT INVESTMENT COMPANY, INC. (a Corporation) et al., Appellants.
California Court of Appeals. 
Aug. 31, 1955.
 Philip M. Gilbert for Appellants.
 Sidney Gordon for Respondent.
 PATROSSO, J.
 This action, directed against Garrett Investment Company, Inc. and John Doe Garrett, was initiated by the filing of a pleading entitled, "Complaint in Fraud," the true nature of which cannot accurately be portrayed other than by quoting verbatim substantially all of the language thereof. Aside from formal matters, it alleges as follows: Defendants "maintained for a period of 6 months a relationship of confidence and great trust with the plaintiff, rendering services and advice in respect to" a parcel of real property therein described; that defendants "did, intending to deceive the plaintiff and defraud the plaintiff falsely and fraudulently represent to her that in consideration of said defendant ... paying over to the plaintiff the sum of $150.00, the plaintiff should convey her interest in the property hereinabove to the defendant, and that the plaintiff in conveying the property hereinabove described to the defendant, should receive a loan that would enable plaintiff to effectually complete payment on all encumbrances of either (sic) in such property and that the conveyance to defendant ... would be held only as security for such payment of additional loan, which was subsequently and as part of the transaction of conveyance, be negotiated to the behalf of plaintiff by said defendant"; that plaintiff relied upon such representation "and that plaintiff and defendant did then and there make agreement upon the terms of the representations hereinabove set forth and defendant ... did then and there pay to plaintiff the sum of $150 ... and that plaintiff did agree to make conveyance in writing of the property aforesaid"; that the representations were [135 Cal.App.2d Supp. 855] false and known to be false by defendant; that "defendant at no time intended to carry out the terms agreed to by the plaintiff and embodied in the representations of the defendant to the plaintiff. That defendant concealed from plaintiff its true intention, namely, to acquire an absolute property in the subject matter hereinabove described, and to perform no more of the consideration of the agreement hereinabove which embodied said representations than that payment of $150.00 made to plaintiff. That plaintiff believed and relied upon said representations and contract and was thereby in fact induced to enter into an Escrow Agreement conveying the said property to defendant. That the Escrow Agreement seen by plaintiff and signed by plaintiff provided that $150.00 had been paid by the corporate defendant to plaintiff; "that the defendant in entering into the agreement of escrow with the plaintiff was in a superior position of knowledge to the plaintiff, to-wit: that the defendant is an investment company conversant with, and specializing in transactions of title in personal and real property and plaintiff is a person of modest education and no business experience. That plaintiff did sign the agreement of escrow in reliance upon the representations of defendant ... and as part of the oral agreement which embodied said representations and that said escrow contract signed by the plaintiff was induced by said representations. That in truth and in fact the sum of receipt of $150.00 was set forth to the best knowledge and recollection of plaintiff in said contract of escrow signed by plaintiff. That the sum set forth in the copy of the contract of escrow later mailed to plaintiff sets forth the sum of $1150.00 as received by plaintiff. That said defendant did never pay to plaintiff the sum of $1150.00 and that neither does the agreement of escrow provide that the conveyance therein is otherwise than unconditional, nor has defendant in any manner proceeded to negotiate any loan or loans with said property as security therefor to the behalf of plaintiff and to enable plaintiff to clear all liens and encumbrances on said property as of the date of the escrow contract. That your plaintiff does presently affirm the said contract of escrow as the copy thereof mailed to her sets forth the sum of $1150.00 as the amount paid outside of said escrow by the defendant to the plaintiff, but that your plaintiff avers that the amount actually paid has been the consideration of $150.00 and that the failure to pay over the remaining sum of $1,000.00 as set forth in the copy of the contract of escrow mailed to her is the direct result and consequence of the representations set [135 Cal.App.2d Supp. 856] forth hereinabove of July 10, 1954, and those contained in the contract of escrow dated July 15, 1954, the copy of which was sent to the plaintiff being annexed hereto as though fully set forth herein." Attached to the complaint is a copy of escrow instructions, not purporting to bear the signature of either party, which recite that the buyer has paid the sum of "1150.00 outside to seller" and the escrow holder is directed to procure a "Preliminary Title Search for my (seller's) approval, upon the property therein and in the complaint described.""
 In a second count, which incorporates all of the allegations of the first as set forth above, it is alleged "that all of the hereinabove transactions were carried out on behalf of defendant Garrett Investment Company, Inc. by John Doe Garrett as acting executive officer of said corporation fully authorized to enter into all transactions therefor and on his own behalf and that said transactions were entered into by said defendant John Doe Garrett in his own behalf. And that all failures to perform the representations hereinabove set forth believed and relied upon by plaintiff have been pursued by defendant John Doe Garrett acting in his own behalf and stead."
 The complaint, although devoid of any allegation of damage, concludes with a prayer for general damages in the sum of $1,000; exemplary damages in the amount of $2,000, interest, costs of suit and general relief.
 Defendants answered, denying the material allegations of the complaint, and as a special defense pleaded that the corporate defendant purchased plaintiff's property described in the complaint for the sum of $1,150 which was paid to plaintiff, and the assumption by the corporate defendant of three existing encumbrances thereon aggregating more than $9,000.
 At the opening of the trial counsel for defendants moved to exclude all testimony upon the ground that the complaint did not state a cause of action. The motion was denied. The ruling was erroneous and necessitates a reversal. Without animadverting to the obvious defects in plaintiff's pleading and taking the most charitable view thereof, it may be regarded only as undertaking to state either a cause of action in equity to have the deed executed by plaintiff declared a mortgage or, in the alternative, to set it aside for a failure of consideration or as an action for damages for fraud. [1, 2] Viewed in its former aspects, and disregarding its obvious deficiencies if so regarded, the action is equitable and within the jurisdiction [135 Cal.App.2d Supp. 857] of the superior court, and considered as an action for damages for fraud, it is fatally defective in failing to allege any damage--there being neither an allegation of general damages or the value of plaintiff's property which she conveyed to defendant. (Read v. Mortgage Guarantee Co. (1936), 11 Cal.App.2d 137, 143 [53 P.2d 377].)
 Plaintiff, in seeking to sustain the judgment, argues, "that the complaint alleges that, pursuant to intent to defraud plaintiff, defendant induced plaintiff to contract with defendant to sell her property for the consideration of $1050.00 to be paid plaintiff." And this in turn is followed by the statement: "Plaintiff affirms the transaction and sues for damages from the fraud." As we have seen, however, no such allegation is to be found in the complaint. [3] Nor, as will here after appear, did plaintiff adduce any proof of such an agreement; indeed, plaintiff unequivocally testified to the contrary--the agreement being, as she testified, that the property was conveyed to defendant in consideration of the payment to her of $150 and defendant's promise to secure a loan thereon upon plaintiff's behalf in an amount sufficient to discharge the existing encumbrances thereon. If plaintiff sustained any damage by reason of defendant's failure to perform his promise in that respect, it was not by reason of the recital in the escrow instructions that she had received $1,150 by way of consideration for the conveyance, whereas she had in fact received but $150, but that she had been induced to convey property of a greater value than $150 upon the promise of defendant, previously mentioned, and which he had no intention of performing. That damage, if any, can only be the value of that with which she was induced to part as a result of defendant's fraud, namely, the property in question, of which, as noted, there is neither allegation nor proof.
 The evidence adduced upon behalf of the plaintiff is to the effect that she first met defendant Garrett two weeks prior to July 10, 1954, when she discussed with him "about making a loan, consolidating; he told me that he could cut down the payments where it wouldn't be as much as it was at first. Put it all into one." That about July 10, 1954, plaintiff went to defendant's office, at which time she received $100 and proceeded to the Modern Escrow, where escrow instructions were prepared and read to her by Mr. Garrett; that as read to her the instructions did not provide for the payment to her of $1,150, but only $150; that she signed the escrow instructions then presented to her and later received [135 Cal.App.2d Supp. 858] $50 from the escrow; that after the escrow she believed that she was still the owner of the property; that "he (Garrett) was going to make me a loan." The only other witness upon behalf of plaintiff in relating what occurred at the escrow testified that defendant Garrett said plaintiff was only borrowing $150, of which he gave her $100, and that plaintiff was "not losing her places."
 At the close of plaintiff's case, defendants moved for a nonsuit upon the ground, among others, that plaintiff's proof failed to establish any damage. The motion was denied. [4] This ruling also was erroneous for it is elementary that fraud without damage is not actionable.
 In view of the foregoing, it is unnecessary to set forth or discuss in detail the trial court's findings other than to observe that they are, to say the least, confusing and contradictory, and seemingly find upon a cause of action upon contract which is not pleaded in plaintiff's complaint.
 It may well be that plaintiff has a good cause of action against the defendants, but if so, it is upon some other theory than that reflected by the trial court's finding. If, as from her testimony it would appear, plaintiff was induced to convey her property to defendant as a result of fraud and deceit practiced upon her by the latter, she may, under proper pleadings and proof, recover damages measured by the value of the property with which she was so induced to part. She may not, however, recover upon a contract which she neither alleges nor proves that she entered into. Plaintiff should be permitted to amend her pleading, if so advised.
 The judgment is reversed.
 Shaw, P. J., concurred.
 SWAIN, J.
 I dissent. The complaint, though not a model of pleading, alleges in substance that there was a contract whereby the defendant Garrett Investment Company, Inc. purchased her real property for $1,150 cash, subject to existing trust deeds; that only $150 of the cash has been paid. She sues to recover the $1,000 which has not been paid. The answer alleges that the corporate defendant purchased the property for $1,150 in cash and assumed three existing trust deeds. It alleges that the full $1,150 was paid. The only issue, therefore, is as to whether $1,150 was paid or only $150. The court found, on sufficient evidence, that defendants paid $150 and no more and at no time paid the plaintiff [135 Cal.App.2d Supp. 859] $1,150. By a simple process of subtraction it is obvious that the court found that $1,000 of the purchase price was unpaid. It gave judgment for that amount.
 It is true that the complaint mystifies by its numerous allegations of fraud which induced the making of the contract, but all of that, except the unpaid $1,000, becomes surplusage when the plaintiff alleges that she affirms the contract. It is immaterial that the copy of the escrow instructions attached to the complaint is unsigned. The answer admits that the property was sold on the terms set out in the escrow instructions.
 This is, therefore, either an action on the contract to recover the unpaid portion of the purchase price or an action for damages for breach of a contract to pay $1,150 of which only $150 was paid. The measure of damages for such breach by the purchaser was $1,000. Here there is no real difference between the two theories.
 However, plaintiff is entitled, in an action on the contract, to recover only against the other contracting party, so judgment against the individual defendant should be reversed. I would do that and affirm the judgment against the corporate defendant.