SHAW, J.
This is an action on a promissory note for
$300, in which The Williams Plan Company, hereinafter called simply the company, is named as payee. The plaintiff is the assignee of the payee for collection merely, and hence stands in its shoes as to all defenses. The defendant Gaste filed an answer alleging as a defense that the loan was usurious, and appeals from a judgment against him for the full amount of the note with interest.
Prom the record the following facts appear without dispute. The defendant H. W. Minier, desiring to borrow $300, went to the office of the company a few days before May 15, 1928, and applied for a loan. He was told that he must procure accommodation co-makers as sureties on a note, and ivas given an application form and a blank note, on which the note in suit was executed. He brought this note back about May 15, 1928, bearing the signatures of himself and wife, of appellant, and of another person, as co-makers. The loan was then made. In connection with the transaction Minier signed several papers. One of them was an application for the loan, in which he stated that he desired a loan of $300, and agreed if it was made to purchase from the company an investment certificate for that amount, and to hypothecate it as additional security for the loan, and instructed the company to apply the proceeds of the certificate to liquidate the note covering the loan when due. On the same paper with this application were statements of their financial condition, signed by appellant and another maker. The note in suit was dated May 4, 1928, and by its makers above mentioned agreed to pay to the company $300, in forty equal installments, on Tuesday of each week after date, with interest from maturity at eight per cent per annum. This note recited that it was given “for the purchase by the maker of an investment certificate of the said company”. On May 15, 1928, the company made and signed a paper labeled “investment certificate”, which showed that its amount was $300, recited that H. W. Minier was the purchaser thereof and had given a note for the purchase price, describing a note which corresponds to that sued on, except that the date was given as May 15, 1928, and H. W. Minier alone was named as the maker, and then provided that “when the contract of purchase has been fulfilled and the payments of the *Supp. 774 aforesaid note made, as agreed on or before the dates specified, the Williams Plan Company of Los Angeles will pay to the purchaser or assigns the face value hereof, less any indebtedness owing to said company by said purchaser, and, or, by the comakers of said note given as the purchase price hereof”. This document was retained by the company. Minier alone executed another note labeled “loan note”, dated May 15, 1928, by which he agreed to pay to the company, one year after date, $300, with interest at six per cent per annum. This note was physically attached to the investment certificate above mentioned, and stated that said investment certificate was assigned to the company as collateral security therefor. Before making the loan the company paid $1.50 for a financial report upon the appellant, and upon receipt of the various papers above mentioned, completed the transaction by giving Minier its check for $270 on May 15, 1928.
When a claim of usury is made the courts will look through the form in which the transaction is cast to discover its real substance, and if, when that is found, it appears that a borrower has paid, or agreed to pay, more than the lawful rate of interest for a loan, the loan will be held usurious. (Haines v. Commercial Mortgage Co., 200 Cal. 609-616 [53 A. L. R 725, 254 Pac. 956, 255 Pac. 805]; Wallace v. Zinman, 200 Cal. 585-597 [62 A. L. R. 1341, 254 Pac. 946].)
Our usury law fixes twelve per cent per annum as the maximum rate of interest that may be charged on a loan, and its manifest intent is to forbid absolutely to the lender any profit whatever by way of commission, bonus or other kind of charge, if in so doing that rate is exceeded. The lender may perform services or incur expenses in connection with the loan for which he may reimburse himself from the loan, but these items must be confined to specific service or expense incidental to the loan, incurred in such a way as to absolutely preclude its being a device through which additional interest or profit on the loan may be exacted. (Haines v. Commercial Mortgage Co., supra.)
In the present case all the various papers which we have described are manifestly parts of one transaction, by which Minier borrowed money from the company, and all must be taken into consideration to determine whether that loan was usurious. On consideration of them all, and of the other *Supp. 775 facts stated, we have no doubt that it was. Although Minier signed two notes for |300 each, he actually received only $270, in addition to which the company paid $1.50 for a financial report. At the argument before us it was stated that the deduction of $30 was made up of one year’s interest on $300 at six per cent, amounting to $18, and $12 for expenses of the loan; but the record does not show what was the reason for this deduction. The lender showed no services or expenses in connection with the loan except the item of $1.50, above mentioned. If $12 was deducted for expenses, the remainder of it must, therefore, be regarded as a bonus or commission and treated as a part of the interest deducted in advance. When interest or commission is deducted in advance from the amount of a loan, in testing the transaction for usury, the principal sum loaned will be held to be the face amount 'of the loan, less the interest or commission so deducted. (Haines v. Commercial Mortgage Co., supra.) The total amount loaned in this cas.e, therefore, is $271.50. According to the terms of the note sued on, $300 would be repaid to the company in equal weekly installments extending over a period of forty weeks. This amount exceeds the actual loan by $28.50. If we assume that the whole of the loan remains unpaid for forty weeks, the interest on it for that time at twelve per cent, the maximum rate permitted by the Usury Law is only $25.06. The interest charged is, therefore, usurious even on that assumption, but, in fact, by reason of the installment payments, the whole principal would not remain unpaid for forty weeks, and the interest which could be lawfully charged is, therefore, less than the amount just stated. If we consider the other note, which calls for the payment of $300 in one year, with interest at six per cent, we find that it contains no provision for its payment before maturity, and no interest has been credited upon it, whatever the purpose of the deductions from the loan may have been. It, therefore, apparently requires the payment of $18 more as interest, which would increase the amount of usury of the loan.
We do not think the charge of usury is evaded by the device of taking two notes from the borrower, each equal to the amount of the loan applied for, and issuing in his name a certificate of investment which is to be paid for by one note and held as security for the payment of the other. *Supp. 776 At the trial plaintiff’s counsel admitted that these investment certificates were of doubtful value, and we quite agree with him. The only agreement which the company made by the certificate is that when the so-called purchase note had been paid it would repay Minier the amount so paid, less any indebtedness owing by him or the other makers to the company. If Minier had paid that note in forty weeks, as agreed, he would then have been still indebted to the company on his other note, which ran for one year, and for payment of which the certificate of indebtedness was held by the company as collateral. He had instructed the company in his application to apply the proceeds of that certificate to liquidate the other note when due—to accomplish which would take the whole of those proceeds. The company would, therefore, hold the amount it had received for the so-called purchase of the certificate of investment until the loan note was due, some twelve weeks thereafter, and would then apply it all to payment of the loan note. Under such circumstances the certificate of investment had no real substance, but was a mere device to conceal the usurious character of the transaction by making it appear that the loan was still unpaid long after the time when, if the several instruments were complied with, it would have been paid.
It appears from the evidence that Minier was required to procure a life insurance policy for $1,000, and to deposit it as security for the loan. This was obtained through a broker, who was also a director and officer of the company. The company appears to have loaned Minier the amount of the premium on this policy by an arrangement of the same kind as that made with reference to the $300 loan, and it may be that this loan was also usurious, but it is not directly involved in this case. Appellant claims that from this insurance transaction some additional gain accrued to the company on the $300 loan, but in view of our conclusion that that loan was usurious, without any such gain, we have not gone into the matter further than to learn that at least the return to the company on the $300 loan would not be diminished by consideration thereof.
Plaintiff contends that the company was doing business under the Industrial Loan Company Act of 1917, as amended in 1921 (Stats. 1917, p. 658; Stats. 3921, p. 729), and that it is therefore not subject to the Usury Law. A *Supp. 777 rehearing of this case was granted that we might give further consideration to this contention. The matter was argued on the first hearing and we therefore expressed an opinion regarding it. But on the rehearing it appears that a decision on the point will affect other corporations doing business under this act, some of which conduct their operations in quite a different manner from that above described. On further scrutiny of the record before us we find that it does not require a decision of this point. The company, in its answer to the cross-complaint, alleged that it was authorized and operating under the provisions of the Industrial Loan Company Act, but this was an affirmative allegation, which it was required to prove. If this fact is a defense to the charge .of usury the plaintiff might also have proved it under the statutory replication given him by section 462 of the Code of Civil Procedure. But the record discloses neither proof of this fact nor attempt to prove it.
Appellant, in addition to setting up the defense of usury in his answer, filed also a cross-complaint against the company, alleging the payment of usury and seeking to recover the statutory penalty of treble the amount so paid. The fact that the loan is usurious does not of itself entitle him to recover on this cross-complaint. Unless usurious interest is actually paid no recovery of the penalty provided by section 3 of the Usury Act can be had. The mere signing and delivery of instruments providing for such interest, while they stamp the loan as usurious, do not constitute a payment of the interest (Haines v. Commercial Mortgage Co., supra; Duke v. Levy, 208 Cal. 376 [281 Pac. 496]). The testimony shows that the amount paid on the loan is $125.70, which is less than the principal sum loaned. Minier testified that a part of the amount paid had been applied by the company to interest “as set forth in cross-defendant’s exhibit-”. We can find no exhibit so designated, and the only exhibit which we find referring to payments does not apply any part thereof to interest. If any part of the payments was expressly applied by the company on account of interest without directions to the contrary from the payer, a recovery could be had on account thereof; but unless this appears the trial court should not on a retrial apply any of the payments to interest. The installment note did not provide for interest before *Supp. 778 maturity, and while the loan note bore interest, the interest was not due at the time the payments were made. Under such circumstances, in the absence of an express application by the parties, all payments will be applied to principal until the amount actually loaned has been repaid. (Haines v. Commercial Mortgage Co., supra.) The evidence does not show who made the payments above mentioned, but it should be noted that section 3 of the Usury Act authorizes a recovery only by the person who has paid the interest. A payment by Minier will not support appellant’s cross-complaint. Plaintiff will, on the other hand, if the same facts appear at the new trial, be entitled to recover the unpaid portion of the sum actually loaned to Minier.
The judgment is reversed and the cause is remanded to the municipal court for a new trial, appellant to recover his costs on appeal.
. MeLueas, P. J., and Bishop, J., concurred.