[Civ. No. 4637. Third Appellate District.—December 31, 1932.]

ELIZABETH COURTNEY et al., Appellants, v. BEN J. TUFELD et al., Respondents.

T. Frank Courtney for Appellants.

No appearance for Respondents.

KING, J., *pro tem.*—This is an appeal from a judgment in a case brought under the Usury Law. (Act 3757, Gen. Laws.)

The complaint alleges that Ben J. Tufeld agreed to loan plaintiffs $1474 on October 30, 1925, and on said date plaintiffs executed to him their note for $1474 with interest at eight per cent per annum, principal payable in installments as follows: $184.25 on November 30, 1925, and a like amount on the thirtieth day of each month thereafter until paid, "interest paid in advance". Plaintiffs also gave a chattel mortgage to secure payment of the note. The mortgage was immediately assigned to defendant Fidelity Reserve Corporation. It is then alleged that defendant Tufeld upon receiving the note and mortgage presented to plaintiffs a check for $1474 and asked plaintiffs to indorse the same "In order that he might cash the said check and take out the interest charges which he demanded in advance." It is then alleged that plaintiffs indorsed the check and gave it to defendant Tufeld, who then handed plaintiffs $1,000 in cash, and this sum was all that plaintiffs received on the loan. The complaint further alleges that plaintiffs paid to defendants the sum of $184.25 on November 30, 1925; $184.25 on December 30, 1925, and the sum of $100 on February 9, 1926, a total of $468.50, and that from and after February 9, 1926, defendants have de-

manded and are continuing to demand the sum of $1,005.50, with interest "at 8 per cent per annum thereon from February 24, 1926". It then alleges that defendant Fidelity Reserve Corporation "at various times and now purports to be the owner and holder thereof", and alleges that said last-named defendant at the time of the assignment to it of the note and mortgage knew, and at all times since has known, that the note and mortgage were executed in the manner, under the conditions and for the sums thereinbefore stated; and alleges that at all times defendant Tufeld was and is the true and only holder and owner of the note and mortgage, "and that the defendant Fidelity Reserve Corporation has at all times acted merely as a 'dummy' holder for purposes of making collections as agent only for defendant Ben J. Tufeld, and has no right, title or interest in said note and mortgage". It further alleges that one year has not elapsed since the various payments on the note, and asks judgment: 1. That the contract, note, mortgage and agreement be declared usurious, illegal, null and void; and defendants be ordered to cancel the note and mortgage, and be restrained from disposing of or foreclosing the same; that the corporation defendant be declared to be the collection agent only of the other defendant; 2. For judgment against defendant Tufeld for treble the sum of $474 taken and charged as interest on October 30, 1925; 3. For judgment for treble the sum of $468.50 paid by plaintiffs since the execution of the note; and, 4. And for treble the whole sum of $1,474.

Defendants defaulted and the court finally on December 18, 1929, gave judgment that plaintiffs take nothing by their complaint, and that defendants "have judgment for their costs in said action".

It is from this judgment that the appeal is taken by the plaintiffs and the defendants do not appear in this court.

In the case of *Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609, 612 [254 Pac. 956, 958, 255 Pac. 805, 806, 53 A. L. R. 725], the Supreme Court very fully discusses the "Usury Law" and, among other things, says that it is made clear and plain by the act that the maximum rate of twelve per cent per annum on the amount loaned is the full measure of all profit to the lender in connection therewith.

Very evidently the note given here for $1474, when the plaintiffs received the sum of $1,000 only from the lender, is usurious under the explicit terms of the act, and defendants by defaulting seem to concede this.

In the case of *Haines* v. *Commercial Mtg. Co., supra,* the court held that a bonus of three per cent exacted and deducted from the principal sum of the note involved in that case, "Was not actually paid and is, therefore, not a proper item of said judgment for trebling the amount thereof", and that while it cannot be collected "But cannot be the basis for apportionment for either principal or interest, and the payments on account of principal will serve to reduce the net principal and will not be construed as a payment of said charge". The sum of $474 deducted here similarly was never paid by plaintiffs either as principal or as interest, for they never had it. All they received was $1,000 and the sum deducted not having been paid, plaintiffs are not entitled to treble and recover it.

The sum of $468.50 paid by plaintiffs was distinctly agreed by the terms of the note to be paid on principal and therefore plaintiffs are not entitled to have it trebled and to recover it.

The whole sum of $1474 which plaintiffs ask to have trebled and judgment given them for the amount has not been paid and plaintiffs are not entitled to judgment for it.

Finally, as to the prayer of the complaint that the contract, etc., be declared usurious, illegal and void, and be canceled, the decision in the case of *Haines* v. *Commercial Mtg. Co.,* cited above, uses this language:

"Even a casual reading of the statute itself shows that the legislative intent was not to declare the whole contract void, but only the portion thereof relating to interest. . . . No authority has been cited, and none can be found holding the principal debt forfeited under such provision of a statute."

This very clearly disposes of the claim for a cancellation of the debt.

It is difficult to discern why the lower court gave judgment that the defendants have their costs in the action when they never appeared and were not before the court. However, it is just as difficult to see that they incurred

any costs whatever, not having been in court, so this part of the judgment is harmless to appellants.

The judgment is affirmed.

Plummer, J., and Pullen, P. J., concurred.