Alex WOLF as Trustee in Bankruptcy of
Regent Case Co., Inc., Bankrupt,
Plaintiff-Appellant,

v.

AERO FACTORS CORPORATION,
Defendant-Appellee.

No. 207, Docket 23299.

United States Court of Appeals
Second Circuit.

Argued March 9, 1955.

Decided April 11, 1955.

Monroe J. Cahn, New York City, for plaintiff-appellant.

Abraham Golub and Sol Nathan, New York City, for defendant-appellee.

Before MEDINA and HINCKS, Circuit Judges, and BURKE, District Judge.

PER CURIAM.

The comprehensive and excellent opinion of Judge Leibell covers a number of points not raised on this appeal. With respect to the matters which appellant has urged upon us, however, and which we have accordingly considered, only one requires comment. Otherwise, we affirm on the opinion below.

On June 1, 1949, and long prior to the bankruptcy, a factoring agreement was entered into by the defendant and the bankrupt, pursuant to which loans were made by defendant from time to time on the security of assigned accounts receivable. The agreement provided that defendant could apply any reserve on the accounts receivable to any indebtedness then or thereafter to become due from the bankrupt, that if any account were not paid in full defendant could charge against and deduct such amount from any payment then due or thereafter to become due to the bankrupt, and that any money, accounts or property which might come into defendant's hands might be retained by defendant and applied to any obligation owing by the bankrupt to defendant.

Having made advances and taken assignments of a number of accounts receivable pursuant to the terms of the factoring agreement, defendant continued this practice and in due course eleven of said transactions occurred within the four-month period and after the defendant had reasonable cause to believe that the bankrupt was insolvent. As defendant paid a fair, present consideration for these last assigned ac-

counts, the transfers were not preferential,[1] nor does plaintiff claim them to be such. On seven of these assigned schedules defendant collected $1844.22 in excess of what it had advanced. On four of the schedules defendant collected nothing, as the assigned accounts were worthless; and Judge Leibell sustained defendant's claim to be entitled to set off the $1844.22 against the amounts remaining unpaid on the loans made in connection with the four worthless accounts receivable. Appellant claims the eleven transactions were separate and distinct. Clearly this is not so. The loans during the four-month period were made under the conditions and terms set forth in the factoring agreement; and this is sufficient to sustain the set-off. The claim of preference was properly rejected. Accordingly, there being no preference, the "mutual debts or mutual credits" rule of Section 68 of the Bankruptcy Act, 11 U.S.C.A. § 108, was applicable.

Affirmed.

1. Doggett v. Chelsea Trust Co., 1 Cir., 1934, 73 F.2d 614.