[Civ. No. 20990.   Second Dist., Div. One.   Dec. 12, 1955.]

ADOLPH WEISS, Appellant, v. ROBERT JAY
BRANDT et al., Respondents.

David Welts for Appellant.

George M. Wiemer for Respondents

NOURSE (Paul), J. pro tem.*—The plaintiff and cross-defendant (hereinafter called Weiss) appeals from the judgment of the lower court in favor of the cross-complainant (hereinafter called Brandt) and against the cross-defendant upon the cross-complaint.

The complaint in this action is in the form of a common count for money had and received. By it Weiss alleged that Brandt and the defendant Arrousez were engaged as associates in the manufacturing, selling and renting of certain equipment and that they had agreed to share the profits of that business and that within two years last past the defendants and each of them became indebted to plaintiff in the sum of $3,877.75, for an account of money had and received by the defendants for the benefit of the plaintiff.

By their answer the defendants denied all of the allegations of the complaint and as a separate defense alleged that Weiss had undertaken and agreed to, and had, loaned to Brandt sums not to exceed 90 per cent of the face amounts of a series of promissory notes executed by Brandt and that by the terms of the agreements and said promissory notes that it was agreed that Weiss should reserve and secure to himself interest upon the loans of said money in excess of that permitted by law and that Weiss had received $5,727.15, in excess of the amount which Weiss is entitled to receive by law.

By his cross-complaint Brandt alleged that on or about the 12th of October, 1951, he and Weiss entered into an oral contract whereby Brandt borrowed certain sums of money from Weiss and as security therefore covenanted and agreed that he would assign, transfer and set over to Weiss all his right, title and interest in certain purchase orders between Brandt and various of his customers, and that Brandt further agreed to set over and assign to Weiss all his right, title

*Assigned by Chairman of Judicial Council.

and interest in and to all monies and accounts receivable from said customers. It was further alleged that in addition to the assignment of said contracts and the payments due thereunder, Brandt agreed to execute written contracts guaranteeing the repayment of each of said loans and to further execute a promissory note in connection with each and every loan as additional evidence of the obligation; that Brandt performed all that was required of him under the contract and had executed the required assignments, contracts of guaranty and promissory notes and that Weiss had collected from the customers of Brandt and from Brandt various sums of money, and that by reason of said payments to Weiss he had received $4,224.20 in excess of the amount to which he was entitled by law; that said sum of $4,224.20 was received by Weiss within one year from the date of the cross-complaint and that Weiss was therefore indebted to Brandt in treble that amount.

The second cause of action alleges the receipt by Weiss of usurious payments in the sum of $1,502.95, received by him more than one year prior to the filing of the cross-complaint, and alleges that Weiss is therefore indebted to Brandt in said amount.

Attached to the cross-complaint, and made a part thereof, is Exhibit A which is a schedule purporting to show the date and amount of repayment of 65 alleged loan transactions, together with the alleged interest involved in each.

By his answer to the cross-complaint, Weiss denied all of the allegations thereof as to loans and alleged that all of the transactions were transactions involving the sale of Brandt's contracts with his customers at a discount. The answer further alleged that the transactions were of a continuing nature and covered a period from October 12, 1951, to on or about April 7, 1953, and that Weiss had paid to Brandt on said transaction $3,877.75 in excess of the amounts that he had collected and received back on said transaction. There are other allegations of the answer by which Weiss attempts to plead facts estopping Brandt from asserting usury, but it is unnecessary to state those facts here.

The findings of fact made by the trial court may be summarized as follows:

The trial court found that the defendants were not associated in business, but that the defendant Arrousez was an employee of the defendant Brandt and his disclosed agent; that on or about October 12, 1951, Brandt and Weiss entered into an oral contract whereby Brandt borrowed certain sums of

money from Weiss and as security therefor agreed that he would assign, transfer and set over unto Weiss all of his right, title and interest in certain contracts between himself and various customers, and all right, title and interest in and to all monies and accounts receivable from said customers, and that Weiss was authorized and instructed by the terms of said agreements to credit Brandt with the said sums borrowed by him when they were received by Weiss.

That in addition to the assignment of said contracts, Brandt had covenanted and agreed to execute written contracts guarantying repayment of each of said loans and further execute a promissory note as additional evidence of the obligation; that pursuant to the terms and provisions of the oral agreement, the parties entered into *65 separate and distinct loan transactions*; that it was provided by said oral agreement that after Brandt had assigned his right, title and interest in and to the customer contracts and had executed the contracts and promissory notes as aforesaid, Weiss would loan to Brandt a sum not to exceed 90 per cent of the amount which Brandt guaranteed and contracted to repay to Weiss and which had been assigned to Weiss and evidenced by the contracts and promissory notes.

That Brandt had done and performed all that was required of him under the agreement and that Weiss had collected and received, either from Brandt or from the customers of Brandt, all of the sums advanced by Weiss plus interest, except the sum of $3,552.02, and that amount remained due and owing from Brandt to Weiss, and that Weiss had waived any right to claim any further, different or additional offsets.

That during the one year immediately preceding the commencement of the action, Weiss had exacted and received from Brandt usurious interest in the sum of $3,368.77, and that by reason thereof Brandt was entitled to recover treble that amount.

That during the year immediately preceding the 12 months prior to the commencement of the action, Weiss had exacted the sum of $2,398.76 from Brandt, said sum being the amount of interest unlawfully paid during said period.

As conclusions of law from these facts, the court found that Brandt was entitled to judgment on his cross-complaint in the sum of $8,953.05, that being the difference between the amount which Brandt was entitled to under the findings on his cross-complaint and the amount which Weiss was entitled to on his complaint.

The transactions between the parties, as shown by the evidence, were very involved, but the following outline of them will suffice for the purposes of this opinion. The facts we state are established by the evidence without conflict. Prior to October 12, 1951, the defendant Robert Jay Brandt had been engaged in business under the fictitious name and style of Hollywood Scene, Dock and Prop Shop, and prior to that date had financed a portion of his business through transactions with the brother of the plaintiff. On the date mentioned defendant Arrousez, who acted as manager for the defendant Brandt, told Weiss that Brandt had some purchase orders that he wanted to sell and exhibited an order from a customer, whom we will hereinafter call Craig, for certain equipment, the purchase price of which totaled $1,800. Arrousez stated that they would sell the order for $1,500, and that the difference between the face amount of the order and that amount would be Weiss' profit. Weiss insisted upon some security that Brandt would manufacture and deliver the merchandise called for by the order. Weiss, at this time, agreed that he would invest in orders to the extent of about $10,000. There was no mention made of any loan. The parties then executed a letter form of contract, the terms of which, in substance, are as follows:

The letter was addressed to Weiss by Brandt. By the letter Brandt acknowledged the receipt from Weiss of the sum of $1,500, in payment for the assignment of the purchase order from Craig, which was then described, Brandt guarantying to deliver the merchandise called for by the order on or before December 31, 1951. Brandt agreed that in the event payment was made by Craig to him, he would turn the remittance over to Weiss properly endorsed. Brandt agreed that if Craig failed to make full payment on the order before January 30, 1952, that he, Brandt, would pay to Weiss any balance then due upon the order, it being agreed that Weiss was to receive $1,800, on or before January 30, 1952, in event of default by Craig. By the final paragraph of the letter Brandt handed to Weiss his promissory note for $1,800, "to evidence my guaranty above stated."

At the same time Brandt executed a promissory note in the sum of $1,800, payable 110 days after date (October 12, 1951) without interest. Weiss paid to Brandt $1,500.

After the consummation of this transaction, and prior to January 1, 1952, Brandt delivered to Weiss six other purchase orders on account of which Weiss paid to Brandt $4,491.40. Each transaction was handled in the same manner as that

outlined as to the Craig transaction, that is to say, a similar letter contract was executed and a similar promissory note, the promissory note in each case being in the face amount of the purchase order delivered, and being payable on the date of payment specified in the purchase order. On account of these advances Weiss received in cash from the customers or directly from Brandt $3,301.78, and Brandt, in addition, received from the customers, and retained, $3,757.79, this amount being later credited upon a purchase order thereafter assigned to Weiss; that is, on May 8, 1952, Brandt assigned to Weiss purchase orders in the total face amount of $4,865.61, at a stated price of $4,379.05. On account of this purchase price Weiss was credited with the amounts which had theretofore been collected and retained by Brandt, and Weiss paid the difference, after certain other adjustments, to Brandt in cash.

No transactions were entered into between November 26, 1951, and March 8, 1952. On or about February 6, 1952, Weiss had a conversation with Arrousez in which he stated that he was then out-of-pocket over $4,300, and that he did not care to continue doing business with Brandt, unless some arrangements were made to turn over certain monies that Brandt had collected on accounts assigned to Weiss and something done to make up a part of the $4,300 plus, that he, Weiss, was out-of-pocket; that Arrousez agreed that Brandt would pay Weiss $292.50, the amount Brandt had collected on certain assigned accounts.

It was further agreed that Weiss would, from that date forward, on his books, debit Brandt with all amounts advanced, commencing with a debit of $4,300, the amount which Weiss was then out-of-pocket, and credit Brandt with all monies received, instead of allocating the monies received from a customer on one assignment to the amounts advanced on account of that assignment. From that time on Weiss' books were kept accordingly.

In 1952, between March 8th and the end of the year, there were 47 transactions entered into between the parties. On account of these Weiss advanced the further sum of $23,165.68, and on these transactions received back in cash $23,768.30. During the year 1953, there were 11 transactions on account of which Weiss advanced $4,388.25, and received in cash $2,896.07. In addition to the cash he received, during 1952 and 1953, he received credits on the assignments of other purchase orders, the face amounts of which were evidenced

by the promissory notes of Brandt, as in the other transactions, in the total amount of $21,605.40, that being a part of the amount which Brandt had collected from the customers whose accounts had been assigned to Weiss.

The net result of the 65 transactions was that Weiss had paid to Brandt over $3,800 more than he had received either from Brandt or from collections upon the purchase orders which had been assigned to him.

■ We are of the opinion that the trial court committed prejudicial error in its rulings as to the admissibility of evidence and are further of the opinion that its findings that Weiss received for the use of his money sums in excess of that permitted by law is contrary to the evidence.

While undoubtedly the evidence received in the court below is sufficient to uphold a finding that the transaction is one involving the loan of money and not one of sale, it does not compel such a finding, and Weiss was entitled to prove all of the surrounding circumstances and any relevant facts bearing upon the true nature of the transaction or the intent of the parties. This, the rulings of the trial court prevented him from doing.

At the outset of the trial, the learned trial judge announced that he had read the pleadings and the letter form of contract between the parties and that this letter form of contract must be classed as a loan contract and not as a sales contract and that it was therefore vulnerable to the provisions of the usury statute. Apparently the trial court based this ruling upon the decision of the Supreme Court in *Milana* v. *Credit Discount Co.*, 27 Cal.2d 335 [163 P.2d 869, 165 A.L.R. 621]. The facts in the Milana case are somewhat similar to those in the case at bar, but the Supreme Court did not there hold that they constituted a loan transaction as a matter of law, but only held that they were subject to that interpretation and that therefore the trial court there erred in holding that they were not subject to that construction, but only to the construction that they were contracts of sale, and in granting the defendant's motion for a judgment of nonsuit.

In our opinion the letter form of contracts between the parties do not, standing alone, establish that the transactions here were in fact ones for the loan and repayment of money, but are subject not only to that interpretation but to the interpretation that they constituted a contract for the sale of a purchase order, with a guarantee that Brandt would manufacture and deliver the merchandise called for by the order,

and a guarantee of the soundness of the credit of the purchaser.

This being true, the question of what the real nature of the contract was, was to be determined from all of the facts and circumstances surrounding the transactions and each party was entitled to introduce parol evidence to establish those circumstances and what the true intent of the parties was. (*Ewalt* v. *Mortgage Securities, Inc.*, 129 Cal.App. 559 [19 P.2d 60]; *Terry Trading Corp.* v. *Barsky*, 210 Cal. 428, 432-433 [292 P. 474]; *Milana* v. *Credit Discount Co., supra*, 27 Cal.2d 335, 341.)

The trial court, however, consistent with its ruling that the contracts were unambiguous and showed on their face a loan of money and not a sale, held that parol evidence was not admissible and that that which had been received without objection was of no importance whatsoever, but that the court would be controlled in its determination of the facts by the instruments alone. This was clearly error. The contracts being subject to two interpretations, under one of which the contracts would be legal, and under the other usurious, Weiss was entitled to the presumption that the contracts were ones of sale and not ones for the loan of money. (*Moore* v. *Dealy*, 117 Cal.App.2d 89, 94 [254 P.2d 888]; *Hersum* v. *Latham*, 120 Cal.App.2d 325, 328 [260 P.2d 988].) He was not, however, required to merely stand upon the presumption, but was entitled to augment this indirect evidence by other evidence, either written or oral, to establish that the transaction was, in fact, one of sale.

The trial court was therefore obligated to give consideration not only to the written contracts, but to all of the facts and circumstances shown by the evidence or by the offers of proof to which we will hereafter refer; it is clear from the record that it did not do so.

At the conclusion of the taking of evidence, counsel for appellant advised the court that due to the court's ruling that the contracts introduced into evidence were usurious on their face and that those contracts were controlling, he desired to make certain offers of proof, rather than to attempt by devious means to circumvent the court's ruling that parol evidence was not admissible. He then made 12 offers of proof, to all of which respondents' objections were sustained. In certain of these rulings, we believe the court was in error, as the matters offered to be proved were relevant to the question of whether or not the transactions were ones of loan or ones of sale.

In substance, the first four offers of proof were to prove by the testimony of appellant and Arrousez that each of the 65 purchase orders assigned to appellant was offered for sale to him by Arrousez, and were in fact purchased by him. The objection to these offers of proof was that the evidence offered would violate the parol evidence rule. The sixth offer was to prove by Arrousez and by the books of Brandt that the transactions were set up on Brandt's books as transactions of sale and that the difference between the face value of the purchase orders sold and the price paid by Weiss was set up on Brandt's books as a discount. Each of the facts so sought to be proved by appellant were relevant to the question of intent of the parties and the nature of the transactions, and it was error to refuse to receive this evidence.

The ninth and tenth offers of proof were to prove by Adolph Weiss and his brother, Lewis Weiss, that on or about February 6, 1952, Weiss and Brandt entered into an oral agreement that appellant would debit Brandt for all monies paid to Brandt on the purchase of purchase orders, and as payment on purchase orders assigned to Weiss were received by him, he would credit the same against the total debits and would wait for his discount or profit until the respondent Brandt was in better financial condition and could afford to pay. That after said oral agreement was entered into the parties transacted their business in that manner; that Weiss had not yet recouped the amount of his advances and was out-of-pocket at the time of the commencement of the action the sum of $3,877.75. To these offers of proof the objection that they violated the parol evidence rule was sustained. In these rulings the court clearly erred.

There was nothing in the contracts which related to the allocation of payments. The contracts being silent as to the allocation of payments, that matter was the proper subject of a separate and supplemental oral agreement and Weiss was entitled to prove such an agreement. (*American Industrial Sales Corp.* v. *Airscope, Inc.*, 44 Cal.2d 393, 397 [282 P.2d 504].)

There can be no doubt that the ruling upon this offer of proof was prejudicial. If the appellant had been permitted to prove the facts stated in his ninth and tenth offers of proof, those facts would have constituted a valid oral agreement that all money received by Weiss was to be applied to the repayment of the sum advanced by him until all such advances had been fully repaid. Such an agreement being proved, the court would have been bound to apply the monies

received by Weiss in accordance with it, and could not apply them to the payment of interest and principal on individual transactions, as it did (Civ. Code, § 1479, par. 1). Yet, it is only by applying the money received by Weiss to individual transactions that a finding that Weiss received anything for the use of his money can be sustained.

Until a debtor has made payments of interest in excess of that permitted by the usury statute he cannot maintain an action against the creditor under that statute, and payments made upon the indebtedness will be applied to the reduction of principal unless there is an express agreement to apply them to interest or such an actual application by the creditor. (*Penziner* v. *West American Finance Co.*, 10 Cal.2d 160, 179 [74 P.2d 252]; *Haines* v. *Commercial Mtg. Co.*, 200 Cal. 609, 618 [254 P. 956, 255 P. 805, 53 A.L.R. 725]; *Ames* v. *Occidental Life Ins. Co.*, 210 Cal. 271, 274 [291 P. 182]; *Grall* v. *San Diego Bldg. & Loan Assn.*, 127 Cal.App. 250, 257 [15 P.2d 797]; *Smith* v. *G. Cavaglieri Mtg. Co.*, 111 Cal.App. 136, 144 [295 P. 366]; *Courtney* v. *Tufeld*, 128 Cal.App. 504, 507 [17 P.2d 1035]; *Connor* v. *Minier*, 109 Cal.App.Supp. 770, 777 [288 P. 23].)

Here the contract contained no stipulation for the payment of interest as such, and it is admitted that Weiss' total advances exceeded by over $3,500 the total amount repaid him; therefore, if the payments to Weiss were applied to the reduction of principal in accordance with the oral agreement which he offered to prove, a finding that he received interest could not be made and there could be no basis for the judgment rendered against him.

The trial court found that there were 65 separate loan transactions; that Weiss collected upon these all amounts loaned except the sum of $3,552.02; that Weiss exacted from Brandt during the year immediately preceding the commencement of the action, the sum of $3,368.77 (which it trebled), and the further sum of $2,398.76, during the preceding year. A careful examination of the record here convinces us that the finding that there were 65 separate transactions is contrary to the evidence and that on the other hand the evidence establishes that the advances made by Weiss were all made in accordance with his single oral agreement to advance to Brandt not to exceed $10,000, on the security of the assigned purchase orders (we are assuming here that the transactions were as found by the trial court, one of loan, not of sale) and that therefore, the further finding that Weiss received

payments beyond the partial return of the principal he advanced cannot be sustained.

The trial court found as a fact that all assignments of purchase orders were made pursuant to an oral agreement between the parties entered into on October 12, 1951. The only evidence of an oral agreement between the parties prior to Weiss' first advance, is his testimony that he agreed to invest up to $10,000, in purchase orders offered him by Brandt. In view of the other evidence offered, the trial court was entitled to find that this was an agreement to loan up to that amount, but the other evidence received does not justify the finding that each assignment of a purchase order was a separate loan transaction, but on the contrary only establishes each as a part performance by Weiss of his oral agreement to loan up to $10,000.

Weiss advanced a total of $33,545.33. He received assignments of purchase orders of the face amount of $64,517.67, at a so-called purchase price of $57,459. He received a credit of $23,914.56 on this purchase price, this sum being a part of the amount which Brandt had collected on the purchase orders assigned to Weiss. Weiss was repaid a total of $29,966.15.

The manner in which the parties conducted their transactions which resulted in the totals we have just given was substantially as follows. Weiss would discount a purchase order. The collections from the purchase order would be made in part by Weiss and in part by Brandt. The money Weiss collected he readvanced so that the new capital he had invested or loaned never greatly exceeded $10,000. The money collected by Brandt he, in most instances, retained, and in most of those instances he gave Weiss credit for the amount retained on the so-called purchase price of another purchase order—in other words (assuming this to be a loan transaction), he gave Weiss another evidence of indebtedness and new security for the amounts collected by him.

Out of the 65 assignments made to Weiss, 37 involved "charge backs" (so-called by the parties) such as we have described, thus all of the 65 advances and assignments were tied together and the end result was that Weiss received in repayment of the monies advanced by him $29,966.15, and held Brandt's promises to pay an additional amount (as nearly as we can determine from the record, approximately $25,000), secured by purchase orders upon which Brandt had either collected the entire balance due, or had

failed to deliver the goods called for by them, thus rendering them worthless.

Examples of what actually occurred will demonstrate how these alleged 65 transactions were bound together. On the second assignment (plaintiff's Exhibit 2) the face amount of the purchase order was $2,477.47. Upon this order Weiss advanced $2,105.85. From the purchaser, Weiss collected $389.31, and Brandt $2,088.16. Brandt gave credit for this amount on the fourteenth assignment (plaintiff's Exhibit 14), which was of a purchase order in the face amount of $4,865.61, and Weiss advanced the further sum of $2,574.27 in cash (Weiss had other similar credits which were applied to this assignment). On this purchase order, Weiss collected $4,147.09, and Brandt $718.52, for which he gave Weiss credit on assignment 28 (plaintiff's Exhibit 28), which was a purchase order in the face amount of $1,227.60, which sum was collected by Weiss from the purchaser. There were three other assignments which were, in the manner we have described, tied into the one, which resulted in Weiss' collecting the entire amount of the purchase price on order Number 28. Parenthetically, the record shows that as a result of the seven assignments which culminated in assignment Number 28 (plaintiff's Exhibits 1, 2, 4, 5, 13, 14 and 28) Weiss advanced out-of-pocket $300 more than he received back. Yet an inspection of defendants' Exhibit C[1] (upon which the trial court based its finding and judgment as to the interest received by Weiss), we find Weiss charged with the total of $1,129.52, as interest, a portion of which was trebled in the judgment.

Another example of the manner in which these charge backs tied all advances into one loan transaction is shown by following through the transaction which commenced with the assignment of purchase order Number 19 (plaintiff's Exhibit 19). Assignment Number 19 was made on May 19, 1952. This was a purchase order for $214.62, on account of which Weiss advanced $193.16. Brandt collected the full amount of the purchase order from the customer. He did not pay this amount over to Weiss, but gave him credit

---

[1] Exhibit C was offered as a summary of Weiss' book of account and the documents which make up the 65 assignment transactions. It is not in fact a true summary of those documents, but an argumentative reconstruction of the transactions in which payments are arbitrarily allocated to principal and interest in each individual transaction, and Weiss charged with receiving as interest amounts which were not in fact received by him, but received by Brandt.

for that amount on the assignment to him on June 2d of purchase order Number 22. On purchase order Number 22 Brandt again collected the entire amount from the customer but did not pay any portion of it to Weiss, but applied it to the credit of Weiss on succeeding assignments, winding up with the last assignment, Number 65, upon which Brandt collected and retained the entire payment.

Here again defendants' Exhibit C shows Weiss charged with interest which was trebled in the judgment, although he had in fact not received back a penny of his principal.

The transaction being, as we have held, a single one, although made up of separate advances, all payments received by Weiss were, as a matter of law, to be allocated to principal (*Ames* v. *Occidental Life Ins. Co.*, *supra*; *Connor* v. *Minier*, *supra*; *Wolf* v. *Aero Factors Corp.*, 221 F.2d 291; 39 Cal.L.Rev. 604).

Brandt not having repaid an amount equal to the advances he received, and there being no stipulation for interest nor any payments of interest, there is no basis for the findings we have mentioned, or the judgment on the cross-complaint.

Appellant asserts that the trial court erred in not holding the defendant Arrousez liable on the complaint. We have carefully examined the record and find no merit in this claim of error.

The judgment in favor of defendant Arrousez is affirmed. The judgment that plaintiff take nothing upon his complaint as against the defendant Brandt, and the judgment upon the cross-complaint in favor of Brandt and against Weiss are, and each of them is, reversed; Weiss to recover his costs on appeal.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied January 10, 1956, and respondents' petition for a hearing by the Supreme Court was denied February 8, 1956.