Milton R. ACKMAN, as Trustee of American Foam Rubber Corporation, Bankrupt, Plaintiff,

v.

WALTER E. HELLER & COMPANY, Inc., Defendant.

No. 63 Civ. 300.

United States District Court
S. D. New York.

Oct. 23, 1968.

Kleeberg & Greenwald, New York City, for plaintiff; Jacob Greenwald, New York City, of counsel.

Seligson & Morris, New York City, for defendant; Charles Seligson, Robert Popper, Jerome M. Greenberg, New York City, of counsel.

WYATT, District Judge.

This is a motion for plaintiff Trustee, for an order "opening and continuing the trial of this case to permit plaintiff to adduce proof of interest on loans made by defendant". The motion is made after trial and after the filing on June 28, 1968 of an order, with opinion, 307 F.Supp. 958, directing judgment for defendant. The motion is said to be authorized by Fed.R.Civ.P. 60(b) (1) for "mistake, inadvertence * * * or excusable neglect".

The proof which the Trustee wishes to offer is the amount of interest accrued by defendant on accounts receivable loans and inventory loans made between

September 17, 1960 and January 17, 1961. Apparently what the Trustee wants to argue is that if the aggregate is known (a) of the loans made September 17, 1960—January 17, 1961 and (b) of interest thereon, and if further it is known what amount was applied to such aggregate from realized proceeds of accounts receivable and inventory assigned to defendant in the same period, then there would be a "resulting excess" which must have been applied to indebtedness of the bankrupt incurred before September 17, 1960 (or December 7, 1960, as the case may be).

If the proof now sought to be offered would affect the result, I would exercise discretion to grant the motion, whether the proof should have been earlier offered or not. But the result would not be affected.

An essential element of a recovery under Section 15 of the New York Stock Corporation Law—before its repeal—was an intent by the debtor to give a preference. It has been found that there was no such intent in the case at bar, among other reasons, because the challenged transfers were for present consideration. The debtor made the transfers, not to give a preference but to get the consideration—money loaned —so as to keep the business operating. It was pointed out that when the dominant motive of the debtor is to get fresh money, and when the creditor gives fresh money, it is impossible to find an intent to prefer.

In one of the cases cited, Irving Trust Co. v. Chase Nat. Bank, 72 F.2d 668 (2d Cir. 1934), no intent to prefer was found even though present consideration was not received, Judge Augustus Hand refusing to say that there was error by the District Judge

"* * * in finding that the dominating and only important thing in Bernard's mind was to keep the business afloat for himself and his son by paying off creditors that would not agree to extend the notes which they held" (72 F.2d at 669).

It was also pointed out that in cases where the inevitability of bankruptcy was considered in determining intent, there was simply a preferential transfer without *any* consideration—not the situation here.

The use of the date December 7, 1960 in the opinion was only because this was the earliest date on which Pathy could have had the intent to prefer, assuming that he ever had such intent.

Realization by defendant from inventory is of no relevance whatever to any issue of preference. This is because there was no such realization in the four month period before January 17, 1961— the only period within which a preference could occur.

Assuming that Pathy had an intent to prefer on and after December 7, 1960, the only relevant inquiry would be: (a) how much did defendant collect in the period December 7, 1960—January 17, 1961 on accounts receivable assigned to it during that same period?; (b) what did defendant do with such amount?

The Trustee has never proved the answer to question (a) and does not now propose to do so. In consequence, no conceivable purpose would be served by taking the proof now sought to be offered by the Trustee.

Under the *Wolf* decision [Wolf v. Aero Factors Corp., 126 F.Supp. 872, 221 F.2d 291], such collections as just described could properly be applied to loans made after December 7, 1960 and interest thereon. After such application the only accounts to which any excess could in fact have been applied were the interest accounts on the overloan and the time loan (SM 566; Ex. X). Between December 7, 1960 and January 13, 1961, the daily account book of Foam (Ex. X) shows that interest of $1,247 was paid on the overloan balance and no interest was paid on the time loan. The daily account book was not kept after January 13, 1961 but the amount applied to the interest on the overloan and time loan from January 13—17, 1961 can be computed from other evidence. The to-

tal interest paid on all accounts from September 17, 1960 to January 17, 1961 was $75,444 (SM 580). The total interest paid through January 13, 1961 was $69,837 (Ex. X). Therefore, $5,607 must have been paid between January 13 and January 17, 1961 and was paid on January 16, 1961 (SM 639–40; Ex. AC). This interest was applied by defendant to the time loan (SM 639–40; 648; Exs. AC, AB–1, AB–2). Thus, the total interest paid on the overloan and the time loan after December 7, 1960 is the $1,247 paid up to January 13, 1961 and the $5,607 paid January 13–17, 1961 or $6,854.

As already noted, however, this sum of $6,854 could not be a preference because the Trustee has failed to prove that this sum, applied to the overloan and time loan interest as described, came from accounts receivable assigned *after* December 7, 1960. If the sum so applied represented collections on accounts receivable which had been assigned *before* December 7, 1960, there would not be any preference.

The motion is in all respects denied. So ordered.